CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Katherine N. Christodoulatos
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SMIT SINGAPORE PTE. LTD. | IN ADMIRALTY |
| Plaintiff, | NO. |
| v. | VERIFIED COMPLAINT |
| PSL LIMITED, | |
| Defendant. | |

**VERIFIED COMPLAINT WITH PRAYER FOR PROCESS**
**OF MARITIME ATTACHENT AND GARNISHMENT**

**COMES NOW**, Plaintiff SMIT SINGAPORE PTE. LTD. ("SMIT" or "Plaintiff") a foreign company with a principal place of business at 23 Gul Rd, Singapore 629356, by and through its attorneys, Chalos & Co, P.C., for its Verified Complaint against PSL LIMITED ("PSL" or "Defendant") a foreign corporation with a principal place of business at Opp. Siddhivinayak Temple, Swatantrya Veer Savarkar Rd, Chandrakant Dhuru Wadi, Prabhadevi, Mumbai, Maharashtra, India, and for its claim avers and pleads as follows.

1

## PARTIES, JURISDICTION, AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 in that it involves a claim for the recognition and enforcement of a foreign maritime judgment, the underlying basis of which was a claim for the breach of a maritime contract, *i.e.* the breach of a Lloyds Standard Form of Salvage Agreement 2000 ("LOF").

2. Plaintiff brings this action to obtain security for its maritime claim and to enforce the foreign maritime judgment pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), seeking an order and writ of attachment over property of Defendant, including but not limited to the shares of stock owned by the Defendant in the Defendant's wholly owned subsidiary PSL USA, Inc. ("PSL USA" or "Garnishee") and any debts, credits, or effects of Defendant in the hands of PSL USA, including but not limited to accounts, debts, dividends, contractual rights, and any intangible property whatsoever of Defendant in the hands of the Garnishees up to the amount claimed hereunder.

3. At all times material hereto, Plaintiff is and was a business entity organized under the laws of Singapore.

4. At all times material hereto, Defendant is and was a foreign company organized and operating under the laws of India.

5. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action is to enforce a foreign maritime judgment arising from the breach of a

maritime contract, *i.e.* – breach of the LOF as a result of Defendant's failure to pay its *pro rata* share of the salved value of Defendant's cargo, which remains due and owing.

## BRIEF FACTUAL BACKGROUND[1]

6.  On July 18, 2010, the bulk carrier "KHALIJIA III" issued a Mayday call from the Mumbai outer anchorage advising that she was flooding and required immediate assistance. Plaintiff was contracted, pursuant to an LOF dated July 18, 2010, by Quadrant Maritime Pvt. Ltd. for and on behalf of the Owners of the Vessel, her cargo, freight, bunkers, stores and any other property thereon, to utilize its best efforts to salve the "KHALIJIA III" (along with her bunkers, stores and cargo etc.), and take them to a place of safety. *See* copy of July 18, 2010 LOF attached hereto as **Exhibit 1**.

7.  During the period of July 19, 2010 and August 7, 2010, Plaintiff provided a range of services to the casualty which ultimately allowed the vessel to be brought into a safe berth at Mumbai, where following cargo discharge (and other ancillary services) she was ultimately redelivered on August 20, 2010.

8.  At the time of the casualty the Vessel was partially laden with approximately 30,492 metric tons of hot rolled steel coils in all five (5) cargo holds.

9.  The LOF is a maritime contract.

10. In accordance with the parties' agreement, in the event the salvage operation was successful, remuneration would be decided by arbitration in London consistent with the terms and conditions of the LOF Agreement and the award would be made in United States Dollars.

---

[1] The substantive merits of Plaintiff's claim as well as the full set of facts surrounding the salvage are contained in the Final Arbitration Award. *See* **Exhibit 2**, *infra*.

11. Mr. Simon Richard Kverndal, one of five Queen's Counsel maintained by the Council of Lloyds to hear LOF salvage cases was appointed as sole arbitrator on August 12, 2010.

12. On December 2, 2011, Mr. Kverdal issued his Final Arbitration Award and Reasons in Support, setting forth the factual and legal grounds in support of the principal amounts due and owing to Plaintiff, plus applicable interest and costs. *See* a copy of the final Award attached hereto as **Exhibit 2**.

13. On or about December 12, 2012, the English High Court of Justice issued a final judgment recognizing the Final Arbitration Award in favor of Plaintiff. *See* a copy of the maritime English Judgment attached hereto as **Exhibit 3**.

14. Despite a fully enforceable final arbitration award and foreign maritime judgment, Defendant PSL has failed, neglected, and/or refused to pay its proportional share of the principal balance due and owing, or any of the interest and costs awarded against it.

15. For the Court's reference, the total amounts currently estimated to be due and owing under the Award are as follows:

| | | |
|---|---|---|
| A. | Principal (plus interest from 08.20.10 to 12.16.11 at 5.528%) | USD 1,138,873.30 |
| B. | Interest (from 01.14.12 to 08.20.12) at 4.25% | USD 29,206.83 |
| C. | Future Interest (from 08.28.12 to 01.07.15) at 4.25% | USD 115,367.55 |
| D. | Costs Awarded[2] (1.14.12 – 1.07.15) at 4.25% | £ 149,020.77 |
| | *Converted to USD at 1GBP = 1.63869* | *(USD 244,198.85)* |
| E. | Estimated Costs and Fees of Enforcement | USD 100,000.00[3] |

---

[2] Including applicable interest awarded on costs.

F.     Total:                                                                      USD 1,627,646.53

## APPLICATION FOR ATTACHMENT UNDER
## SUPPLEMENTAL ADMIRALTY RULE B

16.     Defendant PSL is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Law Claims and Asset Forfeiture Actions. *See* Attorney Declaration attached hereto as **Exhibit 4.** Notwithstanding, the Defendant has within the District tangible or intangible personal property in the hands of a party, present in the forum, who may be named garnishee in the process of maritime attachment and garnishment said property consisting of debts, credits, or effects that may include, without limitation: stocks; corporate shares; loan repayments; accounts payable, dividends payable; payments held or which may be receivable by and/or payable to the said garnishee on behalf and or for the benefit of the said Defendant.

17.     Defendant's subsidiary and debtor PSL USA, Inc., a Delaware corporation, is headquartered and operating in the state of New Jersey.

18.     According to public records filed by PSL USA, the said corporate entity is 100% owned by PSL LIMITED which is its "corporate parent". By virtue of its status as shareholder of PSL, Defendant should be entitled to receive its proportionate share of dividends declared by PSL USA, as well as any other debts, credits, and/or effects.

---

[3] This District Court has equitable authority to grant attorney's fees and costs in this matter based on Defendant's failure to abide by the foreign arbitral award and foreign maritime judgment, and as a result has acted in bad faith, vexatiously, and/or wantonly. *See Marnavi SpA v. Advanced Polymer Scis., Inc.*, 2009 U.S. Dist. LEXIS 40908 (D. Del. May 13, 2009). Smit intends to file a motion in support of its entitlement to attorney's fees and costs at an appropriate time, but it is respectfully submitted that Plaintiff has set forth a *prima facie* claim for security for its costs and fees pending resolution of the present action based on *inter alia*, Defendant's bad faith refusal to comply with a valid and final arbitral award and foreign maritime judgment.

19. Plaintiff has a maritime claim against the Defendant arising out of maritime contract as pled in the foregoing and the final maritime arbitration award and foreign maritime judgment.

20. Plaintiff's total claim for breach of the maritime contract against Defendant is in the aggregate sum of **USD 1,627,646.53.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

B. That if Defendant cannot be found within this district, then all of its personal property in the hands of garnishees served in this district, consisting of debts, credits, or effects, including but not limited, to: corporate stock and /or shares Defendant owns in any corporate entities named garnishees in the Process of Maritime Attachment and Garnishment; and also any debts, whether or not same have matured, owing to the said Defendant by such garnishees; and any accounts, checks, payments, transfers, and any other tangible or intangible property whatsoever of which Defendant is beneficiary, in the hands of garnishees named in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims.

C. That a judgment be entered against the Defendant in the sum of **USD 1,627,646.53** and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant such other and further relief as it deems, just, equitable and proper.

Dated: Oyster Bay, New York
January 21, 2014

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              Smit Singapore Pte. Ltd.

                  By:    <u>s/ Katherine N. Christodoulatos</u>
                              Katherine N. Christodoulatos (KC-1226)
                              55 Hamilton Avenue
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: kchristodoulatos@chaloslaw.com

Of Counsel:

CHALOS & CO, P.C.
Briton P. Sparkman (BS-5220)
*Pro hac vice application forthcoming*

CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Katherine N. Christodoulatos
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMIT SINGAPORE PTE. LTD. | IN ADMIRALTY |
| Plaintiff, | NO. |
| v. | VERIFICATION OF COMPLAINT |
| PSL LIMITED, | |
| Defendant. | |

Pursuant to 28 U.S.C. §1746, KATHERINE N. CHRISTODOULATOS, declares under the penalty of perjury:

1. I am an attorney of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, SMIT SINGAPORE PTE. LTD., herein and a member in good standing of this Honorable Court;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
January 21, 2014

                                      CHALOS & CO, P.C.
                                      Attorneys for Plaintiff
                                      Smit Singapore Pte. Ltd.

By:    <u>s/ Katherine N. Christodoulatos</u>
           Katherine N. Christodoulatos (KC-1226)
           55 Hamilton Avenue
           Oyster Bay, New York 11771
           Tel: (516) 714-4300
           Fax: (516) 750-9051
           Email: kchristodoulatos@chaloslaw.com

Of Counsel:

CHALOS & CO, P.C.
Briton P. Sparkman (BS-5220)
*Pro hac vice application forthcoming*