# Exhibit 1

LOF 2000



# LLOYD'S STANDARD FORM OF SALVAGE AGREEMENT
(Approved and Published by the Council of Lloyd's)

## NO CURE – NO PAY

| 1. Name of the salvage Contractors: <br><br> **SMIT SINGAPORE PTE LTD** <br><br> (referred to in this agreement as "the Contractors") | 2. Property to be salved <br><br> The vessel: **KHALIJIA 3** <br><br> her cargo freight bunkers stores and any other property thereon but excluding the personal effects or baggage of passengers master or crew (referred to in this agreement as "the property") |
|---|---|
| 3. Agreed place of safety: <br><br> **TO BE AGREED** | 4. Agreed currency of any arbitral award and security (if other than United States dollars) |
| 5. Date of this agreement: <br><br> **18 JULY 2010** | 6. Place of agreement: <br><br> **MUMBAI, INDIA** |
| 7. Is the Scopic Clause incorporated into this agreement?   State alternative : Yes/No ||
| 8. Person signing for and on behalf of the Contractors <br><br> Signature: | 9. Captain or other person signing for and on behalf of the property <br><br> Signature: |

A  **Contractors' basic obligation:** The Contractors identified in Box 1 hereby agree to use their best endeavours to salve the property specified in Box 2 and to take the property to the place stated in Box 3 or to such other place as may hereafter be agreed. If no place is inserted in Box 3 and in the absence of any subsequent agreement as to the place where the property is to be taken the Contractors shall take the property to a place of safety.

B  **Environmental protection:** While performing the salvage services the Contractors shall also use their best endeavours to prevent or minimise damage to the environment.

C  **Scopic Clause:** Unless the word "No" in Box 7 has been deleted this agreement shall be deemed to have been made on the basis that the Scopic Clause is not incorporated and forms no part of this agreement. If the word "No" is deleted in Box 7 this shall not of itself be construed as a notice invoking the Scopic Clause within the meaning of sub-clause 2 thereof.



Page 1 of 2

D   Effect of other remedies: Subject to the provisions of the International Convention on Salvage 1989 as incorporated into English law ("the Convention") relating to special compensation and to the Scopic Clause if incorporated the Contractors services shall be rendered and accepted as salvage services upon the principle of "no cure - no pay" and any salvage remuneration to which the Contractors become entitled shall not be diminished by reason of the exception to the principle of "no cure - no pay" in the form of special compensation or remuneration payable to the Contractors under a Scopic Clause.

E   Prior services: Any salvage services rendered by the Contractors to the property before and up to the date of this agreement shall be deemed to be covered by this agreement.

F   Duties of property owners: Each of the owners of the property shall cooperate fully with the Contractors. In particular:
   i   the Contractors may make reasonable use of the vessel's machinery gear and equipment free of expense provided that the Contractors shall not unnecessarily damage abandon or sacrifice any property on board;
   ii  the Contractors shall be entitled to all such information as they may reasonably require relating to the vessel or the remainder of the property provided such information is relevant to the performance of the services and is capable of being provided without undue difficulty or delay;
   iii the owners of the property shall co-operate fully with the Contractors in obtaining entry to the place of safety stated in Box 3 or agreed or determined in accordance with Clause A.

G   Rights of termination: When there is no longer any reasonable prospect of a useful result leading to a salvage reward in accordance with Convention Articles 12 and/or 13 either the owners of the vessel or the Contractors shall be entitled to terminate the services hereunder by giving reasonable prior written notice to the other.

H   Deemed performance: The Contractors' services shall be deemed to have been performed when the property is in a safe condition in the place of safety stated in Box 3 or agreed or determined in accordance with clause A. For the purpose of this provision the property shall be regarded as being in safe condition notwithstanding that the property (or part thereof) is damaged or in need of maintenance if (i) the Contractors are not obliged to remain in attendance to satisfy the requirements of any port or harbour authority, governmental agency or similar authority and (ii) the continuation of skilled salvage services from the Contractors or other salvors is no longer necessary to avoid the property becoming lost or significantly further damaged or delayed.

I   Arbitration and the LSSA Clauses: The Contractors remuneration and/or special compensation shall be determined by arbitration in London in the manner prescribed by Lloyds Standard Salvage and Arbitration Clauses ("the LSSA Clauses") and Lloyd's Procedural Rules. The provisions of the LSSA Clauses and Lloyd's Procedural Rules are deemed to be incorporated in this agreement and form an integral part hereof. Any other difference arising out of this agreement or the operations hereunder shall be referred to arbitration in the same way.

J   Governing law: This agreement and any arbitration hereunder shall be governed by English law.

K   Scope of authority: The Master or other person signing this agreement on behalf of the property identified in Box 2 enters into this agreement as agent for the respective owners thereof and binds each (but not the one for the other or himself personally) to the due performance thereof.

L   Inducements prohibited: No person signing this agreement or any party on whose behalf it is signed shall at any time or in any manner whatsoever offer provide make give or promise to provide or demand or take any form of inducement for entering into this agreement.

IMPORTANT NOTICES
1   Salvage security. As soon as possible the owners of the vessel should notify the owners of other property on board that this agreement has been made. If the Contractors are successful the owners of such property should note that it will become necessary to provide the Contractors with salvage security promptly in accordance with Clause 4 of the LSSA Clauses referred to in Clause I. The provision of General Average security does not relieve the salved interests of their separate obligation to provide salvage security to the Contractors.
2   Incorporated provisions. Copies of the Scopic Clause; the LSSA Clauses and Lloyd's Procedural Rules may be obtained from (i) the Contractors or (ii) the Salvage Arbitration Branch at Lloyd's, One Lime Street, London EC3M 7HA.

Telephone +44(0)20 7327 5408
Fax +44(0)20 7327 5827
Email lloyds-salvage@lloyds.com
www.lloydsagency.com

15.1.1908 3.12.1924 13.10.1926 12.4.1950 10.6.1953 20.12.1967
23.2.1972 21.5.1980 5.9.1990 1.1.1995 1.9.2000

Page 2 of 2

# Exhibit 2

WHEREAS by an Agreement dated the 18th July 2010 on the Standard Salvage Agreement approved and published by the Council of Lloyd's and known as "LOF 2000" made between Smit Singapore Pte Ltd. (hereinafter called "the Contractors") and by Quadrant Maritime Pvt. Ltd. for and on behalf of the Owners of the "KHALIJIA III" her cargo, freight, bunkers, stores and any other property thereon (hereinafter called "the Respondents") it was agreed among other things that the Contractors should use their best endeavours to salve the "KHALIJIA III" and her bunkers, stores and cargo etc. and take them to a place of safety to be agreed and that in the event of success the remuneration therefor would be decided by arbitration in London in the manner therein prescribed and that the award should be made in United States dollars;

AND WHEREAS under the provisions of the said Agreement the Council of Lloyd's appointed me SIMON RICHARD KVERNDAL, one of Her Majesty's Counsel, as sole Arbitrator;

NOW THEREFORE I, the said SIMON RICHARD KVERNDAL, having taken upon myself the burden of the reference in accordance with the terms of the said Agreement, and having duly weighed and considered the evidence and documents laid before me and the arguments of the parties by their respective Counsel who attended before me DO HEREBY MAKE THIS MY FINAL AWARD in writing concerning the matters in question;

AND I FIND AND ADJUDGE that the salved value of the said "KHALIJIA III" was US$5,901,030 and that the salved value of her bunkers was US$349,687 and that the salved value of her cargo was US$17,422,594 so that the total value of the salved property was US$23,673,311;

AND WHEREAS settlement has been reached between the Contractors and the Ship Respondents and the Owners of bunkers and those cargo interests represented by WK Webster (namely bills of lading K2A, K2B, K2C, K2D) this Award is made against cargo interests represented by Clyde & Co. (hereafter, "the Clyde & Co. cargo interests", namely bills of lading K1, K3, K4, K5A, K5B, K01A and K01B) and against those parties who were latterly represented in London by Messrs. Stephenson Harwood (hereafter "the SH cargo interests", namely bills of lading YT01 and YT02);

1

AND WHEREAS had I been making an award against all salved property I would have made an award of US$4.5 million (before currency correction under LSSAC clause 9)

I THEREFORE AWARD AND ADJUDGE that after making allowance under clause 9 of the LSSAC for an uplift of 3.05%:

(1) The aforesaid Clyde & Co. cargo interests do pay to the said Contractors for the salvage services so rendered the sum of US$1,853,671 together with interest at the rate of 5.528% per annum from the 20th August 2010 to the date of publication of this my Award and together with such interest as may fall due in accordance with Clause 8.3 of the LSSA Clauses at the US prime rate + 1%;

(2) The aforesaid SH cargo interests do pay to the said Contractors for the salvage services so rendered the sum of US$1,062,292 together with interest at the rate of 5.528% per annum from the 20th August 2010 to the date of publication of this my Award and together with such interest as may fall due in accordance with Clause 8.3 of the LSSA Clauses at the US prime rate + 1%.

For the avoidance of doubt, any future changes to US prime rate are to be immediately and exactly reflected in the interest rate payable in accordance with clause 8.3 under (1) and (2) above.

AND I AWARD AND DIRECT that the Contractors shall in the first instance pay the fees and/or costs charged by the Council of Lloyd's for their services in connection therewith, and the costs of this my Award as set out below, without prejudice to their rights to recover those fees and/or costs in accordance with the following paragraphs;

AND I FURTHER AWARD AND ADJUDGE that the Clyde & Co. cargo interests shall pay

(a) Pursuant to clause 13 of the LSSAC, their share of the Contractors' legal costs of the reference which I hereby assess and find in the sum of £139,178 (£64,501 + £15,381 + £3,554 + £23,805 + £4,528 + £27,409): see Reasons paragraphs 165/170.

(b) The sum of £54,337 in respect of LSSAC clause 6.3 expenses.

AND I FURTHER AWARD AND ADJUDGE that the SH cargo interests shall pay

(a) Pursuant to clause 13 of the LSSAC, their share of the Contractors' legal costs of the reference which I hereby assess and find in the sum of £79,761(£36,964 + £8,815 + £2,037 + £13,642 + £2,595 + £15,708): see Reasons paragraph 165/170.

(b) The sum of £31,139 in respect of LSSAC clause 6.3 expenses.

(c) The sum of £974, being the costs and expenses of notification of the salvage arbitration (referred to in my Reasons as "the clause 7 costs").

AND I FURTHER AWARD AND ADJUDGE that the respondent cargo interests shall pay in the proportions Clyde & Co. cargo interests 63.5686% / SH cargo interests 36.4314%:

(a) The fees and/or costs charged by the Council of Lloyd's for their services in connection therewith in the sum of ~~£3,683.75~~. *Reduced to £3620.00* [handwritten annotation]

(b) The costs of this my Award which amount to £59,625 plus VAT if applicable.

AS WITNESS my hand this 2nd day of December 2011

[signature]

In the presence of:-

[signature]

Barrister's Clerk,

Quadrant Chambers,
Quadrant House,
10 Fleet Street,
LONDON EC4Y 1AU

3

# Exhibit 3

IN THE HIGH COURT OF JUSTICE  CLAIM NO 2012 FOLIO 118
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

MR JUSTICE ANDREW SMITH

**IN THE MATTER OF THE ARBITRATION ACT 1996**
**AND IN THE MATTER OF AN ARBITRATION CLAIM**
**AND IN THE MATTER OF AN ARBITRATION**



SMIT SINGAPORE PTE LIMITED

**Claimant /Contractors**

- and -

(1) PSL LIMITED
(2) JOTINDRA STEEL TUBES LIMITED
(3) MAURIA UDYOG LIMITED
(4) K. AMISHKUMAR TRADING PVT LIMITED
(5) BAIJNATH MELARAM
(6) RAJANKUMAR AND BROTHERS
(7) VIRAJ IMPEX PRIVATE LIMITED

**Defendants /Respondents**

## JUDGMENT

**UPON** the Honourable Mr Justice Andrew Smith having by Order dated 23 August 2012 ordered that the Claimant be at liberty to enforce the Arbitration Award, dated 2 December 2011, published 16 December 2011, and the Costs Award, made by Mr Simon Kverndal QC acting as sole arbitrator under the Lloyds Standard Salvage and Arbitration Clauses (appointed on 12 August 2010) to determine disputes arising under a Lloyds Standard Form of Salvage Agreement 2000 dated 18 July 2010 between the Claimant and the Defendants;

AND that the costs of this application, including the costs of entering judgment, be paid by the Defendants;

AND the Defendant has not applied to set aside the Order dated 23 August 2012 within 23 days after service of the Order as they are entitled to do so under Paragraph 5 of the Order.

1. This Court has jurisdiction over the Defendants. The Lloyds Standard Form of Salvage Agreement 2000, dated 18 July 2010, is governed by English law under Clause J and applies the Lloyds Standard Salvage Arbitration Clauses. English law includes the provisions of the International Convention on Salvage 1989 pursuant to Section 224 of the Merchant Shipping Act 1995. Article 6 of the International Convention on Salvage 1989 and Clause 2 of the Lloyds Standard Form of Salvage Agreement 2000 confirm that the Defendants are bound by the terms of the agreement.

2. The Arbitration Award and the Costs Award be recognised as a judgment of this Court.

3. Judgment be entered against the Defendants in the terms of the Arbitration Award and the Costs Award.

4. The Defendants forthwith shall pay to the Claimant;

   (i) A global award of US$ 4,500,000.00 (Four Million, Five Hundred Thousand United States Dollars) payable by all the salved property pro-rata to the salved values of cargo, bunkers, stores and freight;

   (ii) Defendants to bear the Tribunal's fees in respect of the Arbitration Award;

   (iii) Interest on the amount of the Award at a rate of 5.528% per annum from 20 August 2010 to the date of the publication of the Award (16 December 2011);

   (iv) Expenses incurred in accordance with Lloyds Standard Salvage and Arbitration Clauses 6.3, 7 and 13 to the amount of GBP 305,389.00 (Three Hundred and Five Thousand, Three Hundred and Eighty-Nine Pounds Sterling);

   (v) Interest accrue from 14 January 2012 at a rate of 4.25%; calculated to be US$ 80,172.00 (Eighty Thousand, One Hundred and Seventy-Two Pounds Sterling) and GBP 7,822.98 (Seven Thousand, Eight Hundred and Twenty-Two Pounds Sterling and Ninety-Eight Pence) as of 20 August 2012;

   (vi) Interest calculated at daily rates of US$ 364.42 (Three Hundred and Sixty Four United States Dollars and Fourty-Two Cents) and GBP 35.56 (Thirty Five Pounds Sterling and Fifty-Six Pence) thereafter.

5. Pursuant to Paragraphs 4(i) and 4(iv) of this judgment, the Defendants shall immediately pay to the Claimant, Smit Singapore Pte. Limited, the amount of US$4,500,000.00 representing the principal and GBP 305,389.00 representing the expenses incurred in accordance with Lloyds Standard Salvage and Arbitration Clauses 6.3, 7 and 13.

6. Pursuant to Paragraph 4(ii) of this judgment, the Defendants shall immediately pay the Tribunal's fees in respect of the Arbitration Award.

7. The Defendants shall additionally pay interest at the rates set out in paragraphs 4(iii), 4(v) and 4(vi) of this judgment from the date of this judgment until compliance with the terms of this judgment.

8. The Defendants, shall immediately pay the costs of entering this judgment, such costs to be summarily assessed if not agreed.

9. This Judgment is final and immediately enforceable against the Defendants.

**DATED** the 12 day of December 2012

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

IN THE MATTER OF THE ARBITRATION ACT 1996
AND IN THE MATTER OF AN ARBITRATION CLAIM
AND IN THE MATTER OF AN ARBITRATION

B E T W E E N :

SMIT SINGAPORE PTE LIMITED

<u>Claimant /Contractors</u>

- and -

(1) PSL LIMITED
(2) JOTINDRA STEEL TUBES LIMITED
(3) MAURIA UDYOG LIMITED
(4) K. AMISHKUMAR TRADING PVT LIMITED
(5) BAIJNATH MELARAM
(6) RAJANKUMAR AND BROTHERS
(7) VIRAJ IMPEX PRIVATE LIMITED

<u>Defendants /Respondents</u>

---

JUDGMENT

---

Holman Fenwick Willan LLP
Friary Court
65 Crutched Friars
London
EC3N 2AE

Tel: 020 7264 8000
Fax: 020 7264 8888
Ref: ARC/5698-102

# Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMIT SINGAPORE PTE. LTD., | IN ADMIRALTY |
| Plaintiff, | NO. |
| v. | ATTORNEY AFFIDAVIT THAT DEFENDANT CANNOT BE FOUND WITHIN THE DISTRICT |
| PSL LIMITED, | |
| Defendant. | |

Pursuant to 28 U.S.C. §1746, I, Katherine N. Christodoulatos, declare under penalty of perjury:

1.   I am an associate attorney with the law firm of Chalos & Co, P.C., counsel for Plaintiff SMIT SINGAPORE PTE LTD, in the above-captioned matter.

2.   I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of Defendant PSL LIMITED pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

3.   I have personally inquired or have directed inquiries into the presence of the Defendant in this District.

4.   I have checked with the State of New Jersey Division of Revenue and Enterprise Services, using the Division's database, and have determined that, as of January 21, 2014, the Defendant is neither incorporated or registered as a foreign corporation pursuant to the laws of New Jersey, and has neither nominated nor appointed any agent for service of process within the

State.

5. I have engaged in a search of the Superpages telephone directory on the Internet, and determined that there are no telephone listings or addresses for the Defendant within this District.

6. I have engaged in an Internet search using the Google search engine in order to discover if there are any telephone numbers or addresses for the Defendant in this District, and determined that there are no telephone listings or addresses for the Defendant in this District.

7. I am unaware of any general or managing agents of the Defendant within this District.

8. As the result of my investigation, I have formed a good faith belief that: (1) none of the officers of the Defendant are now within the District of New Jersey; (2) that the Defendant does not maintain offices or telephone listings in the District of New Jersey; (3) that the Defendant is not incorporated or registered to do business in the District of New Jersey; and (4) that the Defendant does not have registered agents for the receipt of service of process in the State of New Jersey.

9. For these reasons, it is my belief that the Defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       January 21, 2014             CHALOS & CO, P.C.
                                                Attorneys for Plaintiff
                                                Smit Singapore Pte. Ltd.

                                   By:     <u>s/ Katherine N. Christodoulatos</u>
                                                Katherine N. Christodoulatos (KC-1226)
                                                55 Hamilton Avenue
                                                Oyster Bay, New York 11771
                                                Tel: (516) 714-4300
                                                Fax: (516) 750-9051
                                                Email: kchristodoulatos@chaloslaw.com